# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **ISAIAH GILES, # 420-641,** | * | |
| Petitioner, | * | |
| v. | * | Case No.: GJH-16-1784 |
| **N.B.C.I.,** *et al.*, | * | |
| Respondents. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Petitioner Isaiah Giles, an inmate currently housed at the North Branch Correctional Institution ("N.C.B.I."), files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his sentence following a 2015 conviction for robbery and assault in the Circuit Court for Dorchester County, Maryland. ECF No. 1. Respondents, the Warden of N.B.C.I. and the Attorney General of the State of Maryland, filed an Answer to the Petition, asserting, in part, that Petitioner has raised procedurally defaulted claims not subject to substantive federal habeas corpus review. ECF No. 8. Petitioner was notified of his right to file a reply but has failed to do so. *See* ECF No. 9. No hearing is required. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the following reasons, the Petition is denied.

I.  BACKGROUND

On November 26, 2013, Giles entered an *Alford* plea[1] in the Circuit Court for Dorchester County, the Honorable Brett Wilson presiding, to charges of robbery (two counts) and second degree assault (one count). ECF Nos. 8-1; 8-2. The facts proffered by the State's Attorney during the plea colloquy, and accepted by defense counsel, demonstrated that on June 2, 2013, Giles assaulted Calvin Tydings by knocking him to the ground, kicking him in the torso and stomping him several times. ECF No. 8-2 at 25. On June 13, 2013, Giles robbed Joel English at gunpoint. *Id*. at 27–29. On June 15, 2013, Giles robbed David Kramber, punched him in the face, knocked him to the ground, and kicked him repeatedly. *Id*. at 29–30. After the plea was knowingly and voluntarily entered, the court sentenced Giles to an aggregate 40-year term of confinement with all but 14 years and 37 days suspended. *Id*. at 30–31; ECF No. 8-1 at 3, 16, 18, 19.[2] Giles did not file an application for leave to appeal. On January 3, 2014, Giles filed a motion for reconsideration of sentence, which was held sub curia. ECF No. 8-1.

Giles filed a *pro se* petition for post-conviction relief in the Circuit Court on September 29, 2014, which was later supplemented by counsel, alleging that: (1) His trial counsel was ineffective for (a) failing to file a motion to suppress evidence and (b) failing to present mitigation evidence at sentencing; and (2) the indictment was defective. ECF No. 8-3. At the post-conviction hearing held on June 5, 2015, Giles agreed that in exchange for a new sentencing hearing, he would withdraw his remaining claims. ECF No. 8-4. He did not file an application for leave to appeal the decision of the post-conviction court.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Giles was resentenced on July 6, 2015. ECF No. 8-1. He was resentenced to the same term of confinement by Judge Wilson, the judge that imposed his original sentence. He did not file an application for leave to appeal the new judgment.

Giles filed this federal Petition on June 1, 2016,[3] raising three issues. ECF No. 1. Giles alleges that it is "against the law in the State of Maryland to have the same judge who originally sentenced you be your post-conviction judge without your consent which [he] did not agree to at all." *Id*. at 6. Relatedly, Giles claims that his lawyer lied to him by telling him that he would not have the same judge and that his sentence could only go lower, which did not happen. *Id*. Lastly, Giles alleges that during the original sentencing, the judge used "someone else's sentence against [him]." During sentencing, the judge said "I just gave a kid 25 years for robbery so you're lucky." *Id*. Giles claims that this played a part in the judge giving him a large sentence for his first offense, which he claims had nothing to do with anyone else's case. *Id*.

## II. DISCUSSION

Section 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has not identified a constitutional or federal right violated as a result of the conduct complained of. Thus, he has not met his "burden of showing a substantial constitutional deprivation." *Clayton v. Haynes*, 517 F.2d 577, 578 (4th Cir. 1975). Giles' first two claims regarding the conduct of his state post-conviction proceedings may allege a violation of state law, but defects in collateral proceedings are not a basis for federal habeas

---

[3] The Petition is dated May 2, 2016, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

corpus relief. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998). Giles' third claim regarding the determination of his initial sentence also fails to raise a constitutional issue. Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions.").

Even if the claims were deemed cognizable, however, they are subject to dismissal under the doctrine of procedural default. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

If an appeal of right is not permitted, as in cases such as this where an *Alford* plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210–11 (1981). Giles did not file an application for leave to appeal his conviction.

To exhaust a claim through post-conviction proceedings, the claim must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the

4

application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*. While Giles filed a petition for post-conviction relief in state court, he failed to appeal the court's decision. Moreover, the claims Giles raised in his petition for post-conviction relief are different from those raised in the Petition herein.

Where, as here, a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749–50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).

When a claim is procedurally defaulted, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show: (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that failure to consider the claim on the merits would result in a fundamental miscarriage of justice, i.e., the conviction of one who is actually innocent. *See Murray*, 477 U.S at 495-96 (1986). "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard v. Pruett,* 134 F.3d 615, 620 (4th Cir. 1998). In order to demonstrate prejudice, a habeas petitioner must show "not merely that the

errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494. Even when a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

Giles clearly defaulted the claims he attempts to assert here by failing to raise any of the claims in state court either in an application for leave to appeal his conviction or by way of a petition for post-conviction relief. Additionally, despite being provided an opportunity to do so, Giles has failed to offer any explanation regarding cause and prejudice or actual innocence, which could excuse the procedural default of his claims. As such, the claims are denied and dismissed as procedurally defaulted.

### III. CERTIFICATE OF APPEALABILITY

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davi*s, 137 S. Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve

encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Giles has failed to make a substantial showing that he was denied a constitutional right, and the Court finds that reasonable jurists would not find the denial of habeas relief in this case debatable. Accordingly, a certificate of appealability shall not issue.[4]

**IV.     CONCLUSION**

For the above reasons, the Court concludes that Giles' Petition shall be denied. A separate Order follows.


Dated: July 5, 2018                                                         /s/
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

---

[4] Denial of a certificate of appealability in the district court does not preclude Giles from requesting one from the Fourth Circuit Court of Appeals.